**MEMO ENDORSED**

# O'REILLY & SHAW, L.L.C.
## ATTORNEYS AT LAW

FRANCIS L. O'REILLY
JANE FORD SHAW

41 UNQUOWA PLACE
FAIRFIELD, CT 06824
TEL: (203) 319-0707
FAX: (203) 319-0128

April 29, 2022

Honorable Nelson S. Roman
United States District Court
300 Quarropas Street
White Plains. NY 10601

Re:   United States v. Yakev Weingarten
      DK# 19CR497(NSR) -08

Dear Judge Roman:

> An in-person Initial Appearance is scheduled for May 10, 2022 at 2 pm. At the conf., the Court will discuss with counsel the issues of discovery, possible briefing schedule for motions and scheduling a Faretta hearing. Clerk of Court is requested to terminate the motion (doc. 571).
> Dated: White Plains, NY
> May 9, 2022   SO ORDERED:
>
> HON. NELSON S. ROMAN
> UNITED STATES DISTRICT JUDGE

The defendant, YAKEV WEINGARTEN, by and through the undersigned counsel, respectfully moves this Court to schedule a hearing for the purpose of permitting the defendant to make application to the Court for permission to represent himself for all purposes including pretrial proceedings, trial and post-trial matters pursuant to Faretta v. California, 422 U.S. 806 (1975). The defendant so moves for the following reason:

1. A defendant has a right under the Sixth Amendment to defend himself without assistance of counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver. See Faretta v. California, 422 U.S. 807, 835-36 (1975); see also United States v. Culbertson, 670 F.3d 183, 193 (2d Cir. 2012). [The Second Circuit has instructed that whether a defendant's election to proceed pro se is "knowing and intelligent depends upon the particular facts and circumstances of the case and characteristics of the defendant himself." United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999); see also United States v. Tracy, 12 F.3d 1186, 1191-92 (2d Cir. 1993) (noting that "the background, experience, and conduct of the accused" should be considered when determining whether the waiver is knowing and intelligent (internal quotation marks omitted)).]

2. Defendant Yakev Weingarten has notified his court-appointed counsel that he intends to represent himself, as a pro se defendant, and he petitions the Court to schedule a hearing so that he can be "made aware of the dangers and disadvantages

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/2022

www.oreillyandshaw.com

of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, at 835.[1]

3. The law requires that this Court make certain findings where, as here, there is a timely request to represent oneself:

   a. First, whether the request is clear and unequivocal. See Williams v. Bartlett, 44 F.3d 95, 100 (2d Cir. 1994).
   b. Second, whether the waiver is knowing and intelligent. See Faretta, 422 U.S. at 835; see also Wilson v. Walker, 204 F.3d 33, 37-38 (2d Cir. 2000) (holding that a waiver was knowing and intelligent because the defendant clearly and unequivocally asserted his right to self-representation at least seven times and had previous experience with the criminal justice system).
   c. Third, whether the defendant is competent to conduct the trial pro se, or if he suffers from mental illness or deficit to such an extent that, though competent to proceed to trial, he is not competent to conduct the trial. See Edwards, 554 U.S. at 176-77 ("insofar as a defendant's lack of capacity threatens an improper conviction or sentence, self-representation in that exceptional context undercuts the most basic of the Constitution's criminal law objectives, providing a fair trial.").
   d.

WHEREFORE, the defendant respectfully moves this Court to schedule a hearing for the purpose of permitting the defendant to make application to the Court for permission to represent himself for all purposes pursuant to Faretta v. California, 422 U.S. 807 (1975), and the appointment of stand by counsel to assist the Pro Se Defendant.

Very truly yours,

/s/

Francis L. O'Reilly

---

[1] Defendant Weingarten has indicated that he has no objection to his current appointed counsel remaining as "stand-by" counsel.

## CERTIFICATION

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Francis L. O'Reilly___
Francis L. O'Reilly