**MEMORANDUM ENDORSEMENT**

<u>United States v. Yakev Weingarten,</u>
7:19-cr-497 (NSR) (08)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06/13/2022__

      The Court is in receipt of the attached letter from standby counsel for *pro se* Defendant Yakev Weingarten, dated June 13, 2022, requesting a written order authorizing standby counsel to use CJA funds to procure a laptop computer for *pro se* Defendant with all necessary software so that *pro se* Defendant can prepare for his defense while incarcerated. Standby counsel also submitted a proposed order with the attached letter.

      As an initial matter, the Court notes that it has already previously issued such written laptop order on May 10, 2022, with respect to *pro se* Defendant and his co-defendant, Shmiel Weingarten, who is also proceeding *pro se*. (*See* ECF No. 624.)

      Further, throughout his proposed order, standby counsel refers to himself as "Defense counsel" despite the Court having permitted *pro se* Defendant to represent himself since May 10, 2022—the same day the Court also issued the laptop order at issue. (*See* ECF No. 622.) And moreover, the Court notes that the language of the proposed order also seemingly seeks relief for both *pro se* Defendant and his co-defendant, Shmiel Weingarten. But as the Court *strongly* emphasized in its May 10, 2022 laptop order:

> **The Court reiterates that each Defendant in this case whose request to represent himself has been approved, including Shmiel Weingarten and Yakev Weingarten, represents himself and only himself. Each *pro se* Defendant must communicate with the Court (whether in writing or orally) on his own behalf and may not purport to represent any other Defendant**

(ECF No. 624 at 3 (emphasis in original).)[1]

      Accordingly, insofar as standby counsel for *pro se* Defendant also seeks relief for co-defendant Shmiel Weingarten, his request is DENIED. Further, insofar as standby counsel requests any relief not already granted by the Court's May 10, 2022 laptop order, the Court DEFERS ruling on the instant motion until standby counsel, after consulting with the Government regarding the additional relief sought, if any, submits a new proposed order that supplements the Court's May 10, 2022 laptop order.

      The Court finally DIRECTS standby counsel to serve a copy of this memorandum endorsement to *pro se* Defendant by any necessary means and to file proof of service on the docket.

Dated: June 13, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[1] To be abundantly clear, and as explained during the *Faretta* hearings, this means that each *pro se* Defendant can communicate with the Court and file anything on ECF ***only*** through his own standby counsel.

# O'REILLY & SHAW, L.L.C.
## ATTORNEYS AT LAW

FRANCIS L. O'REILLY
JANE FORD SHAW

41 UNQUOWA PLACE
FAIRFIELD, CT 06824
TEL: (203) 319-0707
FAX: (203) 319-0128

June 13, 2022

Honorable Nelson S. Roman
United States District Court
300 Quarropas Street
White Plains. NY 10601

Re:   United States v. Yakov Weingarten
      DK# 7:19CR497(NSR)

Dear Judge Roman:

    Please accept this letter as a request for a written order, a proposed draft of which is attached to this letter, authorizing the use of CJA funds to procure a laptop computer for the defendant in this case. The proposed order authorizes the purchase of a laptop computer, what software is necessary to run the computer, the manner in which the discovery material is loaded on to the computer, and the access that should be given to the defendant by the facility where he is incarcerated. Thank you for your consideration of the proposed written order of the Court.

Very truly yours,

*Francis L. O'Reilly*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,            :

    -v-                                                       :             <u>ORDER</u>

Yakov Weingarten                                      :             7:19CR497(NSR)

           Defendants.                       :

---------------------------------------------------------------X

Nelson S. Roman                , District Judge:

    Counsel for Yakov Weingarten, has requested approval for the use of CJA funds to purchase a laptop for the defendant. Defense counsel represents that without this laptop the defendant will be unable to review effectively the massive amount of discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

    The application is granted as follows:

1. Defense counsel, is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review. Counsel shall provide the electronic devise to David Pilato or his staff shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the facility in which the given defendant is lodged. Mr. Pilato or his staff shall load on to the Electronic Device such software as the defendants will need to review and make notes on the discovery. Mr. Pilato or his staff

---

[1] Counsel shall consult the CDA, Julie de Almeida, to determine the model of laptop computer that is acceptable to the facility where their client is housed.

1

shall set a password protected administrative account on the Electronic Device that is separate from the defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either defense counsel or Mr. Pilato shall provide the Electronic Device to the Government. Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device) prior to sending it to the facility where the inmate is housed.

5. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by each facility to receive the electronic device. The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendants can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the defendant's unit or a location where to the extent possible Defendant is not in the presence of any other inmates. Because of the volume of discovery, Defendants should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the defendant is lodged.

7. The Defendants are prohibited from copying any information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. The Defendants are strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. This Court will revisit this Order and any Defendant's access to the Electronic Device if it appears that any Defendant is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the Westchester County Correctional Center, the Institution in which the defendant is lodged, shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: New York, New York
June 13, 2022

SO ORDERED

_____
Nelson S. Roman
United States District Judge

3